## JAMES DRIVER *vs.* WILLIAM MCALLISTER.

Notice of suing out writ of error under statutes of 1869, must be to the adverse party; such notice directed to the attorney insufficient.

Acknowledgment of such notice, not good, unless it discloses time, place and manner of service.

Imperfect endorsement of signature (" J. D. M., for Deft.") to said notice, may be made perfect by aid of the record.

Error to First Judicial District.

*Elwood Evans* of counsel for plaintiff in error.

*Allen Bros.* for defendant in error.

Opinion by JACOBS, Chief Justice.

Motion to dismiss writ of error.

Section 434, page 117 of the statutes of 1869 provides, that a person wishing to remove a cause to this court by writ of error, must file his precipe with the Clerk of the Court, where the judgment was rendered, and among other things the precipe must direct the Clerk to issue under the seal of the court *notice to the adverse party.* Section 435 provides that this notice may be served on the defendant or his attorney and that it shall be served as other process is served.

The first objection is, that this notice was not directed according to law, it having been directed to the attorney instead of the adverse party. There is no doubt but what the objection is well taken in fact, and we think that the point is material and that the statute is mandatory. Whether a writ of error be the commencement of a new action or is in the same sense the continuation of an old one, this notice is the process, by which the defendant in error, or the adverse party is notified of its continuance or of its commencement. It is just as important that it should be directed to the adverse party, as that any other process should be so addressed. It makes no difference that said notice may be served on the attorney of record. The summons, in an action against the county, may be served on the County Auditor. (See Section 62, page 16, statute of 1869,) But would that be any warrant for directing the summons to him? The summons like the notice must be directed to the county or the adverse party.

2. The service was by acknowledgment or admission endorsed on the notice, but did not state the place of service. We have already shown that the notice must be served as other processes, see Section 68, sub div. 5, page 19, stat. of 1869, pro-

vides that, "in case of service otherwise than by publication, the affidavit must state the *time, place and manner of service.*" It is probably unnecessary to state that there could be no service by publication except by order of this court. The salutary rule quoted above is just as obligatory on attorneys, when they acknowledge service, as upon others. We are of the opinion that the acknowledgment does not comply with the law, and hence is not legal service.

3. The imperfect endorsement of service is signed "J. D. Mix for Deft.," and it is contended that this is no service on the attorney of the adverse party. But we think differently. The record shows that "J. D. Mix" was the attorney of the defendant and the plain meaning of the endorsement, read in the light of the record, is the same as if it had the word "Attorney" inserted after the name. Even if the word "Attorney" had been used, it must still be read by the light of the record, for there are two kinds of Attorneys—Attorneys-in-law and Attorneys-in-fact.

It is doubtful whether there is any final judgment in this case, but we do not wish to decide this point and the motion is sustained, and the case is remanded to the District Court for further proceedings.